Mr. Justice Mott
delivered the opinion of the court.
The only question in this case is, whether a widow w *387 entitled to damages in an action for dower. Lord Coke says, that by 'the Statute of magna char fa, chap. 7th,-she shall tarry in the chief house of the husband, but by the-space of forty days after the death of hef husband within which time, dower shall be- assigned unto her : but of little valué, says the same author, was that act, for no penalty was thereby provided, if it was not done. ■(Co. Lit. Lib. 1. c. 5, sec. 39.) In note 4, same page, it is observed, that before the statute of Merton, there were no damages in dower» And again, in the text; “ but for the relief of the widow, it was provided by the Statute of Merton, made Anno, 20, H. 3, c. 1, which, by Bracton is called nova constitutio, the wife shall recover damages in her writ of dower.” The same doctrine is laid down in 2 Saunders, 45, William, the heir of William vs. Gwyn. In Comyn, it is said the judgment in dower shall be, that the demandant sliall recover one third part of the tenements, &c. j and then came the Statute of Merton, which provides, that if she shall have recovered the tenements of which her husband died seized, the tenant shall render damages. (5 Com. 673.) So it appears that until the Statute of Mérton, no damage^ were recoverable in dower. Indeed, if they were recoverable before, the Statute was unnecessary. , It is admitted that we have no act of the legislature allowing dama■ges-. It only remains then to inquire whether the Statute of Merton is of force in this state? There is some difficulty in ascertaining, with certainty, which of- the English Statutes are, and which are not of force with us. But I think the difficulty is not great. Two learned Judges have digested the laws of the State, and we generally reject all the Statutes which are not found in one of those compilations. It is true that some of the English Statutes have been adopted in practice, which do not appear toffiave been made of force by any act of the legislature ; and if it had been the usual practice in this state to allow damages in dower, I should have considered it as sufficient evidence that the provisions of the Statute of Merton had been, adopted here, and had now become the common law of thin *388 stare. But the practice has been the reverse. X cannot learn, from the oldest lawyer in the state, that damages have ever been allowed ; and I think it would be too bold an innovation .to introduce the practice at this late day.— There maybe cases where it would seem reasonable that a wife should recover damages for the detention of her dow-v pr. But there are (c\v in which they ought to be considerable; because she may have her writ at any time, nnd-the delay is not Usually great. And there would be some difficulty in carrying such a law into effect in this state^ where'the proceedings are many times carried on against the executor or party in possession, and riot against the heir. But it is sufficient for the court that there is no law •to authorize it.
The. motion must therefore be refused.
Justices Colcock, Huger and Richardson, concurred,
Mr. Justice Gaptt, dissented.